COLE, Circuit Judge.
I concur in the judgment affirming the bankruptcy court’s dismissal of Dimmitt’s adversary proceeding. However, I disagree with the majority insofar as it concludes that the bankruptcy judge’s finding of no reliance by Dimmitt was clearly erroneous.
The majority opinion fails to give due regard to the fact-findings of the bankruptcy judge and his opportunity to assess the credibility of the witnesses with respect to the reliance issue. “A factual finding will only be clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” United States v. Ayen, 997 F.2d 1150, 1152 (6th Cir.1993) (citations and quotations omitted). The majority argues that Dimmitt’s willingness to engage in buybacks and to continue a factoring relationship with Herdean after discovering Herdean’s breach of the Factoring Agreement “only shows business judgment” and “only demonstrates that Dimmitt had dealt with misrepresentations before.” I disagree that these are the only inferences that can be drawn from Dimmitt’s behavior — particularly Dimmitt’s continued relationship with Herdean even after the buybacks. Dimmitt’s extensive business relationship with Herdean after the breach can also be reasonably interpreted to suggest that Dimmitt never relied on the Factoring Agreement in the first instance. And where there are two reasonable alternative explanations, the district court’s adoption of one rather than the other does not meet the high standard of clear error.
Moreover, the majority’s conclusion on the reliance issue is based less on facts in the record than on arguments advanced for the first time on appeal. At no point during the proceedings before the bankruptcy judge or in any of Dimmitt’s pretrial submissions did Dimmitt argue that its actions beyond the buybacks were motivated by a desire to mitigate damages after Herdean breached the Factoring Agreement. If the only logical motivation for Dimmitt’s behavior was mitigation, as the majority insists, then we would expect Dimmitt to have terminated the business relationship after recovering its losses through the buybacks. Yet that did not happen and the relationship continued, with Dimmitt bringing suit for damages incurred after it entered into yet another agreement with Herdean.
The only evidence in the record Dimmitt points to in arguing that it relied on the Factoring Agreement with Herdean was the testimony of James Gillespie, Dim- *112 mitt’s corporate credit manager. Gillespie testified in relevant part as follows:
Q: All right, Mr. Gillespie, we talked earlier about some contractual language in the factoring agreement called representations and warranties.... Did Dimmit & Owens rely on those representations and warranties as contained in that document?
A: We rely on those with everybody that we use as a client.
Q: Let me put it this way, if those paragraphs were removed from the factoring agreement, for instance Mr. Her-dean struck those with a black pen and crossed out those paragraph [sic] ... would Dimmit & Owens had [sic] entered into a factoring relationship with Herdean Services?
A: No.
Dimmitt contends that this exchange unequivocally proves that Dimmitt relied on Herdean’s misrepresentations. But given that this was the only evidence in the record directed toward the reliance issue, it was not clearly erroneous for the district court to reject Gillespie’s testimony, which consisted only of a bald assertion concerning reliance in general, and retrospective speculation concerning reliance in this particular case. Given the extensive evidence heard by the bankruptcy judge about Dim-mitt’s post-breach relationship with Herdean — evidence that, in its entirety, was not linked to a theory of mitigation — it was not clear error for the district judge to find that Dimmitt did not meet its burden of proving that it relied on the Factoring Agreement.
I disagree with the majority’s faulting the bankruptcy judge for failing to credit a portrait of the evidence that was not compellingly painted below and for instead finding an alternative, reasonable explanation for Dimmitt’s post-breach behavior. Because I do not find that the bankruptcy judge committed clear error in finding that Dimmitt failed to prove reliance, I concur in the judgment affirming the bankruptcy court’s dismissal of the adversary proceeding.